

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. K. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-1125
Re: Reapportionment of the five
dollars excess per capita
under Article 2831, Revised
Civil Statutes.

This will acknowledge receipt of your request
of July 11, 1939, as follows:

"Article 2831, R. C. S., provides for the
re-apportionment of any balance that shall ex-
ceed $5.00 per capita, according to the latest
scholastic census, to the school districts of
the county. According to an Attorney General's
opinion, of a former administration, this sta-
tute does not apply to independent school dis-
tricts, having a scholastic population of 150
or more. I am enclosing herewith a copy of
this opinion for your consideration.

"Will you please answer the following ques-
tions:

"Does Article 2831, R. C. S., apply to in-
dependent school districts having less than 150
scholastics?

"If the re-apportionment of funds does not
apply to independent school districts having
less than 150 scholastics, should the county
superintendent distribute the money to the com-
mon school districts and independent school dis-
tricts with less than 150 scholastics of the
county?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Does the county superintendent have the authority to make the re-apportionment without the approval of the county board of trustees?"

In reply thereto this is to advise that school districts of less than one hundred and fifty scholastics, except where otherwise covered by special statute, (see Article 2740-e and Article 2761-d of the Revised Civil Statutes of 1925, and laws since enacted) are governed by Article 2763, Revised Civil Statutes, which reads as follows:

"All incorporated districts, having each fewer than one hundred and fifty scholastics according to the latest census, shall be governed in the general administration of their schools by the laws which apply to common school districts; and all funds of such districts shall be kept in the county depositaries and paid out on order of the trustees approved by the county superintendent."

Independent school districts, except those of one hundred and fifty or less, are not placed under the county superintendent in respect to available school moneys and apportionments. See Article 2692, Revised Civil Statutes of 1925, which reads in part as follows:

"The county superintendent * * * shall apportion the same to the several school districts, not including the independent school districts of the county, * * *."

An opinion by this Department of October 27, 1921, by Honorable Scott Gaines, Assistant Attorney General, held that Article 2831, Revised Civil Statutes, when read in conjunction with Article 2830 and Article 2832 did not apply to schools of more than one hundred and fifty scholastics.

Our research does not disclose a case in any of the Texas courts hereon, but from a reading of the statute inquired about, and the other laws pertinent thereto, we are of the opinion and so hold that Article 2831 of the Revised Statutes does apply to independent school districts

of less than one hundred and fifty scholastics, and they must be considered in apportioning the funds mentioned.

In answer to the last interrogatory by you propounded, this is to advise:

Article 2692 provides the county superintendent shall make the original apportionment for the State fund, and with reference to this the statute reads, in part, as follows:

"The county superintendent, upon the receipt of the certificate issued by the State Board of Education for the State fund belonging to his county, shall apportion the same to the several school districts, not including the independent school districts of the county, making a pro rata distribution as per the scholastic census, and shall at the same time apportion the income arising from the county school fund to all the school districts, including the independent school districts of the county, making a pro rata distribution as per scholastic census. * * *"

We are, therefore, of the opinion that the performing of the duties specified in Article 2831 is the ministerial act of the county superintendent, as provided in Article 2692 without the necessity of an order thereon by the county board of school trustees.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
Geo. S. Berry
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

GSB:LM

APPROVED AUG 12, 1939

ATTORNEY GENERAL OF TEXAS